**ORIGINAL**

**FILED**
DEC - 9 2015
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

Pro Se
No. 15-821C
(Filed: December 9, 2015 | Not For Publication)

| | |
|---|---|
| TERESITA CANUTO,   )<br>   )<br>          Plaintiff,   )<br>   )<br>v.   )<br>   )<br>THE UNITED STATES OF AMERICA,   )<br>   )<br>          Defendant.   )<br>   ) | Keywords: Pro Se Complaint; Subject Matter Jurisdiction; Motion to Dismiss; Motion to Amend Complaint; Motion to Supplement Complaint |

## OPINION AND ORDER

Currently before the Court are the government's motion to dismiss under Rules of the Court of Federal Claims (RCFC) 12(b)(1) and 12(b)(6), ECF No. 7, and several motions filed by Plaintiff seeking leave to amend and/or supplement her complaint, ECF Nos. 9, 11, 13. For the reasons set forth below, the government's motion to dismiss is **GRANTED** and Ms. Canuto's pending motions are **DENIED**.[1]

## BACKGROUND[2]

The pro se Plaintiff in this case is Teresita Canuto. She filed her original complaint in this Court on August 3, 2015, ECF No. 1; and on September 10, 2015, she filed a supplemental complaint by leave of the Court, see ECF No. 6.

In Ms. Canuto's complaint and supplemental complaint, she claims that on several occasions between October 2014 and August 2015, she was sexually assaulted by members of the United States armed forces, who allegedly entered her apartment through

---

[1] The government has also filed a Motion for Leave to File [an] Out-of-Time Response to Plaintiff's Motion to File [a] Second Supplemental Complaint, ECF No. 15, which is **DENIED** as moot.

[2] These facts are based on assertions in Plaintiff's complaint and supplemental complaint, which the Court accepts as true solely for purposes of ruling on the pending motion to dismiss. For purposes of background, the Court also includes jurisdictional facts drawn from the government's motion.

a hole in the ceiling, drugged her, and assaulted her while she was asleep.[3] Compl. at 5–8 ¶¶ 2–9; Suppl. Compl. at 1 ¶¶ 2–6, 4 ¶ 9. According to Ms. Canuto, these assaults violated her rights under the Fourth and Fourteenth Amendments to the Constitution. Compl. at 1–2. Further, she cites 18 U.S.C. § 242 and 42 U.S.C. § 1983 as bases for relief, apparently on the grounds that the assaults "[d]epriv[ed] [her] of rights under color of law." Id. at 2. Finally, Ms. Canuto appears to allege that, in the course of these assaults, U.S. armed forces personnel took her private property without providing compensation, thus violating the Fifth Amendment.[4] Id. at 122 ¶ 56.

Before filing her complaint in this case, Ms. Canuto previously filed another case alleging similar facts in the Court of Federal Claims. See Canuto v. United States, No. 15-cv-410, 2015 WL 1926375 (Fed. Cl. Apr. 27, 2015). In that case, Ms. Canuto sought to base her cause of action on the Federal Tort Claims Act (FTCA). See id. at *2. The court dismissed the previous case for lack of jurisdiction under RCFC 12(b)(1), holding that the Tucker Act expressly excludes tort claims from the jurisdiction of the Court of Federal Claims. Id. at *2–3 (citing 28 U.S.C. § 1491).

Ms. Canuto appealed the dismissal of the previous case, and on appeal she also raised new legal arguments, which are substantially similar to several of the arguments she seeks to raise here—i.e., that the alleged assaults violated 42 U.S.C. § 1983 as well as her rights under the Fourth and Fourteenth Amendments. See Canuto v. United States, 615 Fed. App'x. 951, 952–53 (Fed. Cir. 2015). On September 14, 2015, while this case was pending, the Federal Circuit affirmed and rejected Ms. Canuto's additional statutory and constitutional theories of recovery. Id.

On October 2, 2015, the United States moved to dismiss this case under RCFC 12(b)(1) and 12(b)(6). ECF No. 8. A few days later, on October 7, Ms. Canuto moved to amend her complaint under RCFC 15. ECF No. 9. While the purpose of the amendment is at best difficult to discern, she apparently seeks to add to this case the same claims that were dismissed in No. 15-cv-410. See Pl.'s Mot. for Leave to File [a] 1st Am. to the Pleading ¶¶ 7–9. Ms. Canuto filed a second motion to amend her complaint on December 2, 2015. ECF No. 13. Through this motion, she seeks to assert claims on behalf of her younger brother and two of her cousins for "personal injuries intentionally inflicted" by

---

[3] Specifically, she alleges that these incidents occurred on December 13, 2014; March 5, 2015; June 24, 2015; August 1, 2015; and on an unspecified date in October 2014. Compl. at 5 ¶ 3; Suppl. Compl. at 2–3 ¶ 6.

[4] In particular, Ms. Canuto claims that "her genetic material or DNA (blood), photos, clothing, jewelries, communication letters and copies of correspondence received from the judge of the Federal Court, other legal documents, medical records under seal . . . . [and] scientific discoveries in possible cure for HIV/AIDS, allergies, alzheimer [sic] disease, cancer, [and] GI problems" were all taken from her apartment. Compl. at 122 ¶ 56.

2

agents of the United States armed forces. See Pl.'s Notice of Mot. for Leave to File [a] 2d Am. to the Pleading ¶¶ 8–9.

In addition to her motions to amend her complaint, Ms. Canuto filed a motion to file a second supplement to her complaint on November 13, 2015. ECF No. 11. She wishes to supplement her complaint with allegations of another assault allegedly committed on September 2, 2015. See Pl.'s Notice of Mot. for Leave to File [a] 2d Suppl. Compl. ¶¶ 12–13. As with the other alleged assaults, she claims she was "assaulte[d] during sleep" by members of the United States armed forces after being "put into [an] unconscious state through inhalation of sleeping gas." Id. ¶ 13.

## DISCUSSION

**I.   Motion to Dismiss for Lack of Subject Matter Jurisdiction Under RCFC 12(b)(1) and for Failure to State a Claim Under RCFC 12(b)(6)**

    **A.   Applicable Standards**

        **1.   RCFC 12(b)(1)**

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, the court may also "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs (as is this one), are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

        **2.   RCFC 12(b)(6)**

When considering a motion to dismiss for failure to state a claim under RCFC 12(b)(6), the court accepts as true the complaint's undisputed factual allegations and construes them in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court draws all reasonable inferences in favor of the non-moving party, Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001); but the complaint's factual allegations still "must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff's claim must be plausible on its face. Id. at 570; see also Acceptance Ins. Cos., Inc. v. United States, 583 F.3d 849, 853 (Fed. Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

**B.     Application of Standards**

As is firmly established, the Court of Federal Claims is a court of "limited jurisdiction." E.g., Marcum LLP v. United States, 753 F.3d 1380, 1382 (Fed. Cir. 2014). The "primary statute conferring jurisdiction" on the court is the Tucker Act, which grants the court jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." Taylor v. United States, 303 F.3d 1357, 1359–60 (Fed. Cir. 2002) (quoting 28 U.S.C. § 1491(a)(1)). The Tucker Act thus waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights on a plaintiff, United States v. Testan, 424 U.S. 392, 398 (1976). A plaintiff therefore cannot invoke the court's Tucker Act jurisdiction unless she can identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation, or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008); see also Golden Pacific Bancorp v. United States, 15 F.3d 1066, 1076 (Fed. Cir. 1994).

The Court concludes that it lacks subject matter jurisdiction over Ms. Canuto's statutory claims as well as her claims under the Fourth and Fourteenth amendments. Ms. Canuto bases her statutory claim on 18 U.S.C. § 242, a criminal statute that does not provide a private right of action or confer a substantive right to money damages. See, e.g., Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The [C]ourt [of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."). Moreover, the Court could not assert jurisdiction over Ms. Canuto's claims even if she had brought them under 42 U.S.C. § 1983, the civil analog to 28 U.S.C § 242, for the district courts have exclusive jurisdiction over claims under the Civil Rights Act (which includes 42 U.S.C. § 1983). See Gibson v. United States, 121 Fed. Cl. 215, 217 (2015).[5] Further, 42 U.S.C. § 1983 applies only to state actions, not actions taken by the federal government. See Wheedlin v. Wheeler, 373 U.S. 647, 650 n.2 (1963). Finally, to the extent Ms. Canuto is attempting to assert tort claims under these statutes, this Court lacks jurisdiction over those claims because the Tucker Act excludes from its coverage claims "sounding in tort." 28 U.S.C. § 1491(a)(1)

The Court similarly lacks jurisdiction over Ms. Canuto's claims under the Fourth and Fourteenth amendments. Those amendments are not among the "money-mandating"

---

[5] Likewise, the Court would lack jurisdiction over Ms. Canuto's claims were they construed as alleging a cause of action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (holding that "the Bivens actions asserted by appellants lie outside the jurisdiction of the Court of Federal Claim" because "[t]he Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials").

4

provisions of the Constitution. See Brown, 105 F.3d at 623 (Fourth Amendment); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment); see also Canuto, 2015 WL 5315392, at *2 ("[N]either the Fourth nor Fourteenth amendment mandate money damages.").

Finally, while the Court generally has jurisdiction over takings claims under the Fifth Amendment, which provides in pertinent part that "private property [shall not] be taken for public use without just compensation," U.S. Const. amend. V, Ms. Canuto has failed to plausibly allege such a claim. Ms. Canuto's takings claim appears to be premised on the idea that the alleged removal of her belongings by members of the U.S. armed forces was a taking because it violated the law. See Compl. at 122 ¶ 56 (alleging that "the Fifth Amendment right of the petitioner was . . .violated" because "[p]rivate property of the petitioner . . . was taken away from petitioner's apartment"). But only an "authorized" taking can form the basis of a well-pled takings claim: that is, the alleged taking must be "chargeable to the government" rather than "committed by a government agent acting ultra vires." Del-Rio Drilling Programs, Inc. v. United States, 146 F.3d 1358, 1362 (Fed. Cir. 1998). Thus, when asserting a takings claim in the Court of Federal Claims, the plaintiff must "assume or concede the correctness of the government action that is alleged to constitute the taking." Id. at 1365. It follows that, to the extent a plaintiff alleges, as does Ms. Canuto, that the government's action "constituted a taking because the action was unlawful," the plaintiff fails to state a claim. See Starr Int'l Co. v. United States, 106 Fed. Cl. 50, 70 (2012) (emphasis added) (citing Lion Raisins, Inc. v. United States, 416 F.3d 1356, 1369 (Fed. Cir. 2005)).

## II.   Plaintiff's Motions to Amend and Supplement the Complaint

As noted, Ms. Canuto has filed a second motion to supplement her complaint as well as two motions to amend her complaint. Under RCFC 15(d), the Court may permit a party to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Similarly, under RCFC 15(a)(2), the Court may permit a party to amend its pleading, and should freely give leave to do so when justice so requires. Nonetheless, the "futility of the amendment" may justify denial. See, e.g., Dotcom Assocs. I LLC v. United States, 112 Fed. Cl. 594, 598 (2013) (citing Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403 (Fed. Cir. 1989)).

In this case, Ms. Canuto's supplemental allegations describe another assault that follows the same pattern as the assaults described in her original complaint and in her first supplemental complaint. Her claims related to the alleged assaults are not within the Court's jurisdiction, for the reasons set forth above. Therefore, Ms. Canuto's motion to supplement is denied as futile.

Ms. Canuto's motions to amend her complaint are similarly futile. As to her first proposed amendment: as described above, Ms. Canuto already asserted the claims she now seeks to include in this case in her previous case, No. 15-cv-410, which was

dismissed under RCFC 12(b)(1) and affirmed on appeal.[6] Regarding her second proposed amendment: in the first place, Ms. Canuto lacks standing to litigate claims premised on personal injuries suffered by her adult relatives. See Animal Legal Defense Fund v. Quigg, 932 F.2d 920, 925 (Fed. Cir. 1991) (holding that to establish standing to sue, a plaintiff must show "that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct" (quoting Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982))). Beyond that, it is clear that Ms. Canuto seeks to assert tort claims arising from the alleged injuries to her relatives. See Pl.'s Notice of Mot. for Leave to File [a] 2d Am. to the Pleading ¶ 9 (stating that Ms. Canuto "seeks damages for personal injuries intentionally inflicted" by members of the United States armed forces). As already discussed, the Tucker Act expressly excludes tort claims from this Court's jurisdiction. See 28 U.S.C. § 1491(a)(1) (limiting the Court of Federal Claims' jurisdiction to "cases not sounding in tort"). Thus, the Court would lack jurisdiction over the claims Ms. Canuto seeks to assert through her second amendment to the complaint even if she had standing to litigate them. Accordingly, Ms. Canuto's motions to amend her complaint must be denied.

## CONCLUSION

For the reasons discussed above, the government's motion to dismiss (ECF No. 7) is **GRANTED**. Because the Court lacks jurisdiction over Plaintiff's statutory claims and her claims under the Fourth and Fourteenth Amendments, those claims are dismissed without prejudice. Further, Plaintiff has failed to state a claim under the Fifth Amendment's Takings Clause; her Fifth Amendment claim, accordingly is dismissed with prejudice. Finally, Plaintiff's motions to amend and to supplement her complaint (ECF Nos. 9, 11, 13) are **DENIED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

---

ELAINE D. KAPLAN
Judge

---

[6] As the government points out, Ms. Canuto is also collaterally estopped from adding these claims to this case, as she already had a full and fair opportunity to litigate them in her prior action. See Def.'s Resp. in Opp'n to Pl.'s Mot. for Leave to File Am. Compl. at 3–4, ECF No. 10 (citing Shell Petroleum, Inc. v.United States, 319 F.3d 1334, 1338 (Fed. Cir. 2003)).